KEVIN V. RYAN, CSBN 118321
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
KATHERINE B. DOWLING, CSBN 220767
Assistant United States Attorney

      450 Golden Gate Avenue, 10th Floor
      Box 36055
      San Francisco, California 94102
      Telephone: (415) 436-6833
      Facsimile:  (415) 436-7169

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| WOLODU B. GEBREMESKEL, | ) | No. C 04-01126 MMC (EDL) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STIPULATION AND ORDER |
| | ) | APPROVING COMPROMISE |
| | ) | SETTLEMENT |
| | ) | |
| UNITED STATES POSTAL SERVICE | ) | |
| AND REGATTA HOLDINGS INC., | ) | |
| | ) | |
| Defendants. | ) | |

      IT IS HEREBY STIPULATED by and between Wolodu Gebremeskel, plaintiff, Regatta

Holdings, Inc. and the United States Postal Service ("Defendants"), as follows:

      1.  The parties do hereby agree to settle and compromise the above-entitled action under the

terms and conditions set forth herein.

      2.  Defendants agree to each pay to the plaintiff the sum of Three Thousand Seven Hundred

and Fifty Dollars ($3,750.00) for a total of Seven Thousand Five Hundred Dollars and no cents

($7,500.00), which sum shall be in full settlement and satisfaction of any and all claims, demands,

rights, and causes of action of whatever kind and nature, arising from, and by reason of any and all

known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and

the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the

1    above-captioned lawsuit, including any claims for wrongful death, for which plaintiff or his heirs,

2    executors, administrators, or assigns, and each of them, now have or may hereafter acquire against

3    the Defendants, their agents, servants, and employees.

4         3.  Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the sum

5    of Seven Thousand Five Hundred Dollars and no cents ($7,500.00), in full settlement and satisfaction

6    of any and all claims, demands, rights, and causes of action of whatever kind and nature, arising

7    from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal

8    injuries, damage to property and the consequences thereof which they may have or hereafter acquire

9    against the Defendants, their agents, servants and employees on account of the same subject matter

10   that gave rise to the above-captioned lawsuit, including any future claim for wrongful death.  Plaintiff

11   and his heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold

12   harmless the Defendants, their agents, servants or employees from any and all such causes of action,

13   claims, liens, rights, subrogated or contribution interests incident to or resulting from further

14   litigation or the prosecution of claims by plaintiff or his heirs, executors, administrators, parents,

15   siblings or assigns against any third party or against the Defendants, including claims for wrongful

16   death.

17        4.  This stipulation for compromise settlement shall not constitute an admission of liability or

18   fault on the part of the Defendants, their agents, servants, or employees, and is entered

19   into by parties for the purpose of compromising disputed claims and avoiding the expenses and risks

20   of litigation.

21        5.  This agreement may be pled as a full and complete defense to any subsequent action or

22   other proceeding involving any person or party which arises out of the claims released and

23   discharged by the agreement.

24        6.  It is also agreed, by and among the parties, that the settlement amount of Seven Thousand

25   Five Hundred Dollars and no cents ($7,500.00) represents the entire amount of the compromise

26   settlement and that the respective parties will each bear their own costs, fees, and expenses and that

27   any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in addition

28

STIP & ORDER APPROVING
COMPROMISE SETTLEMENT
C 04-01126 MMC (EDL)                    2

thereto.

7.  It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per cent of the amount of the compromise settlement.

8.  Payment of the settlement amount will be made by two checks, each for Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) for a total sum of Seven Thousand Five Hundred Dollars and no cents ($7,500.00) and made payable to Wolodu Gebremeskel, plaintiff, and the Law Offices of Meier & Wolff, plaintiff's attorneys' law firm.

9.  In consideration of this Agreement and the payment of Seven Thousand Five Hundred Dollars and no cents ($7,500.00) thereunder, plaintiff agrees that upon notification that the settlement checks are ready for delivery, he will deliver to Defendants' counsel a fully executed Stipulation for Dismissal with prejudice of C 04-01126 MMC (EDL), Wolodu Gebremeskel v. Regatta Holdings, Inc. and the United States Postal Service.

10.  Plaintiff hereby releases and forever discharges the Defendants and any and all of their past and present officials, employees, agents, attorneys, successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

11.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning plaintiff's injury and the liability of Defendants for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material

STIP & ORDER APPROVING
COMPROMISE SETTLEMENT
C 04-01126 MMC (EDL)                    3

1   difference.

2   12.  This instrument shall constitute the entire agreement between the parties, and it is

3   expressly understood and agreed that the agreement has been freely and voluntarily entered into by

4   the parties hereto with the advice of counsel, who have explained the legal effect of this agreement.

5   The parties further acknowledge that no warranties or representations have been made on any subject

6   other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise

7   changed in any respect except by writing, duly executed by all of the parties or their authorized

8   representatives.

9

10  Dated: June 14, 2005            /s/_____

11                                  RICHARD MEIER, ESQ.
                                    Attorney for Plaintiff

12  Dated: June 14, 2005            /s/_____

13                                  PETER HART, ESQ.
                                    Attorney for Defendant- Regatta Holdings, Inc

14

15                                  KEVIN V. RYAN
                                    United States Attorney

16  Dated: June 13, 2005            /s/_____

17                                  KATHERINE B. DOWLING
                                    Assistant United States Attorney

18                                  Attorneys for Defendant- USPS

19

20  APPROVED AND SO ORDERED:

21

22  Dated: June 28, 2005            /s/ Maxine M. Chesney_____

23                                  HON. MAXINE M. CHESNEY
                                    United States District Court Judge

24

25

26

27

28